IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW RUCKER,

Plaintiff,

v. Case No. 06-2495-DJW-CM

THE UNIFIED GOVERNMENT
OF WYANDOTTE COUNTY/KANSAS
CITY, KANSAS, et al.,

Defendants.

**PROTECTIVE ORDER**

The court, upon the joint request of plaintiff and defendants, approves and enters the following Protective Order pursuant to Fed. R. Civ. P. 26(c):

**1. Purpose of Order; Good Cause.** The purpose of this Order is to prevent the disclosure of documents and information deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this lawsuit. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment, as well as to prevent the dissemination of records that are protected from disclosure under the Kansas Open Records Act, see K.S.A. 2005 Supp. 45-221(a), or whose disclosure is otherwise restricted or prohibited by law.

Plaintiff alleges that defendants negligently placed plaintiff in unreasonable danger of assault by Michael Bouie, and were deliberately indifferent to plaintiff's need for protection, resulting in Bouie's battery of plaintiff on November 4, 2004. Plaintiff also alleges that defendants placed plaintiff in unreasonable danger of assault by Michael Bouie, and were deliberately indifferent to plaintiff's need for protection, resulting in Bouie's battery of plaintiff on December 13, 2004.

Discovery in this case may seek documents and information of a private or confidential nature from both parties and non-parties, including plaintiff's medical, employment, education, and financial records; personnel, disciplinary, and training files of present or former Sheriff's deputies; records of investigations of complaints against present or former deputies; criminal investigation records; criminal history record information; and correctional records. The court finds that good cause exists for the entry of this Order.

**2. <u>Confidential Documents and Information</u>.** The following categories of documents, and the information contained in them, if produced or disclosed during the litigation, shall be treated as confidential and used only for purposes of this lawsuit:

a. Medical, employment, education, and financial records of plaintiff or defendants;

b. Medical, psychiatric, psychological, or alcoholism or drug dependency treatment records maintained by the Sheriff's Office or Unified Government that pertain to identifiable patients (K.S.A. 2005 Supp., 45-221(a)(3));

c. Personnel records, performance ratings, or individually identifiable records pertaining to present or former employees of, or applicants for employment with, the Sheriff's Office or the Unified Government, except those designated as open records by K.S.A. 2005 Supp. 45-221(a)(4) and amendments thereto;

d. Records of emergency or security information or procedures of a public agency, or plans, drawings, specifications or related information for any building or facility which is used for purposes requiring security measures in or around the building or facility, if disclosure would jeopardize security of the public agency, building or facility (K.S.A. 2005 Supp., 45-221(a)(12));

e. Disciplinary records of present or former employees of the Sheriff's Office or Unified Government;

f. Training records of present or former employees of the Sheriff's Office or Unified Government;

g. Documents that contain the home addresses or telephone numbers of present or former law enforcement or correctional officers that are not listed in a current, publicly disseminated telephone directory;

h. Records maintained by the Sheriff's Office concerning investigations of complaints against present or former employees;

i. Testing and examination materials and records of individual test or examination scores, except those designated as open records by K.S.A. 2005 Supp. 45-221(a)(9) and amendments thereto;

j. Correctional records pertaining to an identifiable inmate or release, except those records expressly declared to be open by K.S.A. 2005 Supp. 45-221(a)(29) and amendments thereto;

k. Criminal investigation records, as defined in K.S.A. 2005 Supp. 45-217(c) and amendments thereto;

l. Criminal history record information, as defined in K.S.A. 2005 Supp. 22-4701(b) and amendments thereto; and

m. Other documents that are not required to be open under K.S.A. 2005 Supp. 45-221(a) and amendments thereto or whose disclosure is otherwise restricted or prohibited by law.

  **3. Definitions.**

a. "Document." As used in this Order, "document" shall mean any written, recorded, graphic, or other matter, whether produced, reproduced, or stored on paper, cards, tapes, discs, belts, charts, film, computer storage devices, or any other medium, and includes, but is not limited to, agreements, applications, calendars, charts, complaints, correspondence, deposition testimony, diagrams, diaries, drafts, drawings, electronic mail, evaluations, files, graphs, interrogatory answers, journals, ledgers, letters, manuals, memoranda, minutes, notes, photographs, plans, proposals, records, reports, statements, stenographic recordings, studies, tape recordings, transcripts, and video recordings.

b. "Confidential document." As used in this Order, "confidential document" means any document designated as confidential as identified in paragraph 2 of this Order.

**4. Designating Documents as Confidential.** All documents produced, given, or otherwise disclosed in discovery, which the producing party after review and in good faith believes are confidential, shall be designated as confidential by the producing party by conspicuously stamping or labeling each page containing confidential information with the word "Confidential." Documents shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion, except as provided in this Order. The inadvertent failure to designate a document as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the document and the information in it shall be treated as confidential only after being properly designated. Unless otherwise ordered by the court, only documents relating to the subjects enumerated in paragraph 2 may be designated as confidential. Parties to this action may

designate deposition testimony relating to the subjects enumerated in paragraph 2 as confidential by advising opposing counsel of record, in writing, within fifteen (15) days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon, of the pages and lines of the deposition that the party believes fall under paragraph 2. Alternatively, any party may, on the record at the deposition, designate deposition testimony as confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

**5.    Disclosure of Confidential Documents or Information.** Confidential documents and the information contained in them are to be treated as such by the party receiving them and shall be utilized by such party only for the prosecution or defense of this case. Confidential documents and information may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, or upon order of the court:

   a.    The court and court personnel, including any special master or mediator appointed by the court;

   b.    Persons with prior knowledge of the confidential documents or information;

   c.    The parties and counsel of record for the parties;

   d.    Counsel's legal and clerical assistants and staff engaged in the conduct of this action;

   e.    Court reporters, videographers, and independent document reproduction services or document recording and retrieval services;

   f.    Any expert witness or outside consultant retained or consulted by any party, but only if such person needs such confidential documents or information;

      g. Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying; and

h. Any mediator agreed to by the parties, but not appointed by the court.

**6. <u>Duties of Parties Disclosing Confidential Documents or Information</u>.** Prior to disclosing confidential documents that have been received or disclosed in this litigation or the information contained in them to any person under Paragraphs 5(d), (e), (f), (g), or (h), the party making the disclosure shall: (1) provide the person a copy of this Order and an opportunity to read and review it; and (2) obtain the signature of the person on the attached Agreement. Except as otherwise provided in this Order, no document designated as confidential under the terms of this Order or the information contained in it shall be disclosed to any person who fails or refuses to sign the attached Agreement, unless the party who designated the document as confidential consents in writing to the disclosure or the party seeking to disclose the document or information obtains an order from the court authorizing the disclosure. The party making the disclosure shall keep a record of the names of persons to whom confidential documents or information were disclosed, including a list of the documents disclosed to each person.

**7. <u>Duties of Parties Given Access To Confidential Documents or Information.</u>** Parties given access to confidential documents or the information contained in them shall segregate such material, keep it strictly secure, and refrain from disclosing it in any manner, and shall keep such documents and information confidential, except as provided by the express terms of this Order. Parties given access to confidential documents shall not make copies, duplicates, extracts, summaries, or descriptions of such documents or the information contained in them, except as

necessary to the conduct of this action.  Any such copies, duplicates, extracts, summaries, or descriptions of documents or information that have been designated as confidential shall be classified as confidential, subject to all of the terms and conditions of this Order.

      **8.**      **Filing of Documents Under Seal.**  In the event any party determines to file with or otherwise submit to this court any confidential documents under seal, such party shall file a motion with the court for permission to do so.  Such motion shall contain a showing of good cause for the sealing of each document.  In accordance with D.Kan. Rule 5.4.6, documents ordered to be placed under seal must be filed conventionally and not electronically unless specifically authorized by the court.  A paper copy of the order must be attached to the documents to be filed under seal and delivered to the clerk.

      **9.**      **Disputes Concerning Designation of Confidential Documents.**  Any party may request in writing to the party who has designated a document as "Confidential" that the designation be modified or withdrawn.  If any party disputes the confidentiality of a document marked as "Confidential," the disputing party shall state that objection, including the basis for it, by letter to the designating party within fourteen (14) days of such designation.  The parties shall confer and attempt to resolve any dispute concerning the confidentiality of the document.  If the parties are unable to resolve such dispute, the designating party must move the court to have the document at issue declared confidential within twenty-one (21) days of the failure to resolve such dispute.  The burden shall be on the designating party to establish good cause for designating the document as confidential.  Unless and until the court enters such an order changing the confidential designation of the document, such document shall continue to be protected as provided for in this Order.

**10. Use of Confidential Documents and Information**. Unless otherwise ordered by the court, the parties and their counsel have the right to use confidential documents and the information contained in them in the trial of this case, subject to any order issued by the court. The parties and their counsel shall exercise good faith in disclosing confidential documents and the information contained in them in the public record in this case.

**11. Right to Object and Privileges Not Waived.** The parties do not waive any legal right or privilege to object to the production of any document or the information contained in it, including any right or privilege under the work product doctrine or attorney-client privilege. Further, the parties do not waive any right or privilege to object at trial to the admissibility of any document that falls under the scope of this Order or the right to file a motion in limine regarding the use of any such document or the information contained in it.

**12. Disclosure of Party's Own Confidential Documents and Information.** Nothing in this Order shall prevent a party from disclosing its own confidential documents or information to any person under whatever terms or conditions it deems necessary.

**13. Subpoena or Compulsory Process.** Nothing herein shall prevent any party who has received confidential documents pursuant to this Order from producing such confidential documents in response to a lawful subpoena or other compulsory process, provided that the party shall give notice thereof to the designating party's counsel by telephone or facsimile as soon as reasonably practical, shall furnish such counsel with a copy of the subpoena or other compulsory process so as to afford the designating party a reasonable opportunity to seek a protective order, and shall not produce such confidential documents prior to receiving a court order or consent of the designating party's counsel if application for a protective order is timely made.

**14.** **Binding Effect of This Order.** This Order is binding upon the parties and all counsel for the parties.

**15.** **Return of Confidential Documents.** Within ninety (90) days of final termination of this action, including any appeals, documents designated as confidential, including copies, duplicates, extracts, summaries, or descriptions of such documents or the information contained in them, shall at the designating party's written election be returned to the designating party, except that counsel of record may retain for their files, copies of any of their own work product, pleadings, court filings, briefs and exhibits, and deposition, hearing, and other transcripts and exhibits that incorporate or contain such confidential material. Prior to returning such confidential material, the party in possession and the party's counsel shall make reasonable efforts to take possession of all such material that was disclosed to any person, directly or indirectly, by or though such party. Such written election must be received by the party in possession of the confidential documents no later than thirty (30) days after the termination of this action. If no such written election is received by such time, the documents may be retained and shall continue to be treated as confidential. Return of the documents shall be done at the designating party's expense. The party who possessed such material shall verify the return by writing furnished to the designating party, upon the designating party's request.

**16.** **Termination of Proceedings, Jurisdiction; Leave to Reopen**. The termination of proceedings shall not relieve the parties and their counsel of record or any person who has agreed to be bound by the terms of this Order from the obligations of this Order, unless the court orders otherwise.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 21st day of February, 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc: All counsel and *pro se* parties

Approved:

s/William F. Dunn
Wilkes & Dunn
101 S. Nettleton
P.O. Box 363
Bonner Springs, KS 66012
Office: (913) 422-8677
Fax: (913) 422-8806
wilkesanddunn@earthlink.net

Attorney for Plaintiff

s/Henry E. Couchman, Jr.
s/Patrick M. Waters
Henry E. Couchman, Jr. #12842
Patrick M. Waters #21709
Unified Government of Wyandotte County/Kansas City, Kansas
Legal Department, Municipal Office Building
701 N. 7th St.
Kansas City, KS 66101
Office: (913) 573-5672
Fax: (913) 573-5243
hcouchman@wycokck.org

Attorneys for Defendants Unified Government of Wyandotte County/
Kansas City, Kansas and Sheriff Leroy Green

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW RUCKER,

Plaintiff,

v. Case No. 06-2495-DJW-CM

THE UNIFIED GOVERNMENT
OF WYANDOTTE COUNTY/KANSAS
CITY, KANSAS, et al.,

Defendants.

**Agreement to be Bound by Protective Order**

I, ___________________________, affirm that I have read the Protective Order entered by the court on ________________, 2007 and knowingly and voluntarily agree to be bound by its terms. I understand that, under the terms of the Protective Order, I am required to segregate confidential documents and information disclosed to me, to keep such material strictly secure, to refrain from disclosing it in any manner, and to keep it confidential, except as provided by the express terms of the Protective Order. I further understand that I may not make copies, duplicates, extracts, summaries, or descriptions of confidential documents or the information contained in them. I agree that I will return any confidential documents to the person who disclosed them to me upon that person's request. By signing this Agreement, I consent to the jurisdiction of the court to enforce the terms of the Protective Order against me.

____________________________________
(Signature)

____________________________________
(Date)